DECISION OF DISMISSAL
This matter is before the court upon the written stipulation of the parties filed on March 2, 2011. The parties request that the court determine whether it has jurisdiction. The Defendant Department of Revenue (Department) filed a motion on January 21, 2011, to be removed as Defendant, citing ORS 305.560(1)(c)(A). After considering the motion, the Department's request is granted.
Plaintiff appealed the real market value of property identified as Account 257139 (subject property) for tax years 2008-09, 2009-10, and 2010-11. In their written stipulation, the parties informed the court that the real market value for the 2010-11 tax year has been reduced by the Deschutes County Board of Property Tax Appeals and is no longer before the court.
For tax years 2008-09 and 2009-10, the parties agree that Plaintiff failed to file a timely appeal with the board of property tax appeals. The Oregon legislature has enacted laws that guide a taxpayer challenging the real market value assigned to their properties. The first step in the appeal process is to file a petition with the county board of property tax appeals. ORS 309.100.[1] In limited circumstances, the Tax Court can consider an appeal to reduce real market value even though a taxpayer fails to follow the statutorily prescribed process. Under ORS 305.288, the court can reduce the value of the property if there is either (1) an allegation of *Page 2 
an error in value of at least 20 percent, or (2) good and sufficient cause for the taxpayer's failure to follow the prescribed appeal process.
ORS 305.288(1) provides, in pertinent part, that:
 "(1) The tax court shall order a change * * * applicable to a separate assessment of property to the assessment and tax roll for the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change * * * is applicable, the property was used* * * primarily as a dwelling * * *.
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."
That exception is not applicable because the subject property is not "used * * * primarily as a dwelling;" it is vacant land.
ORS 305.288(3), which grants the court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing an appeal with the board of property tax appeals, provides that:
 "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the assessor taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."
The parties agree that Plaintiff has no statutory right of appeal remaining.
The term "good and sufficient cause" is defined in ORS 305.288(5)(b) as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and *Page 3 
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
Plaintiff alleges that she has "good and sufficient cause" because she was one of four owners of the subject property and Defendant sent the property tax statement to one of the four owners who was not Plaintiff. Plaintiff's good and sufficient cause argument is based on lack of knowledge. Lack of knowledge is specifically omitted from the statutory definition of good and sufficient cause. There is no evidence Defendant's action was in error. There is no evidence Plaintiff requested that the property tax statement be sent to her or that the statement was sent to other than the address provided to Defendant. The court cannot agree with Plaintiff that she had good and sufficient cause.
Even though the parties agree that the subject property's real market value should be reduced because the subject property is "unbuildable" and Defendant made a clerical error in recording the 2008-09 real market value, the court does not have jurisdiction and cannot order the stipulated real market values. Now, therefore,
IT IS THE DECISION OF THIS COURT that the Department of Revenue's motion to be removed as Defendant is granted. The title of the case is amended as set forth above; and
IT IS FURTHER DECIDED that Plaintiff's appeal is dismissed.
Dated this ___ day of March 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery toFourth Floor, 1241 State Street, Salem, OR
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanneron March 30, 2011. The Court filed and entered this documenton March 30, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1